HOME INS. CO. (STILLWELL v.). See Case No. 13,450.

HOME INS. CO. (SWICK v.). See Case No. 13,692.

___

## Case No. 6,661.

### The HOMELY.

[8 Ben. 495.] [1]

District Court, E. D. New York. July, 1876.

SALVAGE—TUG AND TOW.

1. A tug having a brig in tow to bring into the harbor of New York carelessly ran her aground on the Romer Shoal, off Sandy Hook, and was unable to pull her off. But on the next morning another tug coming to the spot, the master of the brig made an agreement to be towed off for $2500, and the two tugs got the brig off: Held, that the agreement was exorbitant, and that $1250 was a sufficient compensation for the service.

[Cited in Brooks v. The Adirondack, 2 Fed. 393.]

2. The second tug was entitled to half of that sum as salvage, but the first one, having been the cause of the disaster, could not be allowed to participate.

[Cited in Greenwood v. The Fletcher and Grapeshot. 42 Fed. 504.]

An English brig, the Homely, coming at night, loaded, into the harbor of New York, engaged a tug, the C. F. Ackerman, to take her up the bay, on a hawser. The brig drew

___

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

14 feet, and the tug was notified that she drew so much and was directed to keep a north-west course and in deep water; but no further directions were given or control taken by the pilot on the brig. No one was on the stern of the tug to receive signals from any one on the brig, and the tug proceeding on the course of her own selection presently brought the brig aground on the tail of the Romer Shoal. The tug left her, being unable to pull her off and next morning a larger tug appeared, the Weed, and the captains of the two tugs consulted together and proposed to the brig to take her off for $2500. The master, under compulsion, assented, and the tugs pulled the brig off the shoal and brought her up to the dock. The weather was still and the vessel not in immediate danger. The owners of the brig resisted the payment of the $2500 as exorbitant, and thereupon the owners of the two tugs libelled the brig for salvage.

Butler, Stillman & Hubbard, for libellants. Scudder & Carter, for claimants.

BENEDICT, District Judge. It appears to me that the sum of $2500 is too large compensation for the service rendered. For such a service rendered, under the circumstances, $1250 would be a reasonable and not illiberal reward.

But I do not consider the Ackerman entitled to any compensation for her portion of this service, for the reason that by her negligence the brig was placed in the position to require the assistance rendered. I am unwilling to permit that a tug employed to tow a vessel into the port should, through want of care, tow the vessel upon the Romer Shoal and then receive salvage compensation for towing her off. For the services performed by the Weed, in assisting to tow the brig off the shoal, a proper compensation may be awarded, but in that compensation the Ackerman cannot be permitted to share.

There will, therefore, be a decree in favor of the owners of the Weed for the sum of $625, with the costs of this action, and the claim of the owners of the Ackerman will be disallowed.